# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Lameka M.[1],                                            Case No. 24-cv-3908 (DJF)

         Plaintiff,

v.                                                                    **ORDER**

Frank Bisignano[2],
*Commissioner of Social Security*,

         Defendant.

---

This matter is before the Court on the Plaintiff's *Application for Attorney's Fees* ("Fee Motion") (ECF No. 16) and the parties' *Joint Stipulation for EAJA Fees* ("Joint Stipulation"). (ECF No. 20.) On May 5, 2025, Plaintiff filed her Fee Motion requesting $7,969.69 under the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A) ("EAJA") (ECF No. 16). Since she did not file a meet and confer statement as required by Local Rule 7.1, the Court directed Plaintiff's attorney to meet and confer with defense counsel and file a meet and confer statement (ECF No. 18). Plaintiff timely filed a meet and confer statement on May 9, 2025, and the parties filed their Joint Stipulation on March 14, 2025 (ECF No. 20). Under the Joint Stipulation, the parties agree to a fee award of $7,500. (*Id.*)

Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A) ("EAJA"), and

---

[1] This District has adopted a policy of using only the first name and last initial of any nongovernmental parties in orders in Social Security matters.

[2] Frank Bisignano became Commissioner of Social Security on May 6, 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure and the last sentence of section 205(g) of the Social Security act, 42 U.S.C. § 405(g), the Court substitutes Frank Bisignano as the defendant in this matter.

based on the parties' agreement, the Court approves the Joint Stipulation and denies Plaintiff's

Fee Motion as moot. The Government shall pay Plaintiff $7,500.00 in attorney fees as agreed.  In

accordance with *Astrue v. Ratliff,* 560 U.S. 586 (2010), the EAJA fees may be subject to offset to

satisfy any preexisting debt Plaintiff may owe the United States.  If, after receiving the Court's

EAJA fee order, the Commissioner: (1) determines Plaintiff does not owe a debt that is subject to

offset under the Treasury Offset Program; and (2) agrees to waive the requirements of the Anti-

Assignment Act, then the EAJA fees shall be made payable to Plaintiff's counsel, **Laura S.

Melnick**.  However, if there is a debt owed under the Treasury Offset Program, the Commissioner

cannot agree to waive the requirements of the Anti-Assignment Act, and the remaining EAJA

fees after offset shall be paid by check made out to Plaintiff.

Any checks issued for payment (regardless of whether the check is made out to Plaintiff

or to Plaintiff's counsel), shall be delivered to the law firm of Plaintiff's counsel at **Southern

Minnesota Regional Legal Services, Inc**.

Dated: May 15, 2025                    *s/ Dulce J. Foster*
                                        DULCE J. FOSTER
                                        United States Magistrate Judge